**UNITED STATES of America,**
**Plaintiff,**

v.

**Ernesto ALBERANGA–SALAZAR,**
**Defendant.**

**Crim. No. 12110.**

United States District Court,
C. D. California.

June 12, 1973.

**1222**

William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Chief, Crim. Div., Earl E. Boyd, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

John K. Van De Kamp, Federal Public Defender, Barry J. Portman, Deputy Federal Public Defender, Los Angeles, Cal., for defendant.

## MEMORANDUM OPINION

FERGUSON, District Judge.

This case presents an unusual legal problem and the court, therefore, procedurally decided it by way of a motion to suppress evidence in order to permit the government the right to appeal. The basic issue, however, is far more significant than a suppression motion. The issue is whether a defendant may be convicted of making a false statement when the statement was caused by a false statement of a government agent.

The defendant is charged with violating 18 U.S.C. § 911:

"Whoever falsely and willfully represents himself to be a citizen of the United States shall be fined not more than $1,000 or imprisoned not more than three years, or both."

He is charged by indictment as follows:

"That on or about February 12, 1973, in Los Angeles County, within the Central District of California, defendant ERNESTO ALBERANGA– SALAZAR did falsely and wilfully represent to United States Immigration Service Investigator Joseph L. O'Bryant that he, ERNESTO ALBER- ANGA–SALAZAR, was a citizen of the United States."

The basic facts are these:

(1) In early February 1973, Investigator O'Bryant interviewed an individual who had a counterfeit alien registration receipt card in his possession. This individual informed O'Bryant that he had contacted the person who sold him the counterfeit card and had purchased the card outside a residence located at 416 E. 27th Street, Los Angeles, California. He stated to O'Bryant that he did not know the name of the individual but told him he was of Mexican heritage and furnished a general description of him.

(2) On February 11, 1973, Investigator O'Bryant passed the residence located at 416 E. 27th Street in his vehicle to determine whether it was occupied and by whom. This residence was the home of the defendant.

(3) On the following day, Investigator O'Bryant, accompanied by Investigator Darryl Carlsen, went to the residence at 416 E. 27th Street at approximately 6:00 P.M. He knocked on the door and it was opened by the defendant. Both investigators identified themselves as U. S. Immigration Officers.

(4) Investigator O'Bryant requested entry and the defendant invited the investigators in.

(5) Once both officers were inside the house, Investigator O'Bryant told the defendant that the reason they were there was that an individual residing in the vicinity had recently been arrested for a marijuana offense and that the name and phone number of the defendant was found on a piece of paper on the arrestee's person.

(6) Investigator O'Bryant knew at the time he made the statement that no such information regarding the de-

fendant had been received. It was a willful misstatement of fact used for the purpose of causing the defendant to react to it.

(7) Immediately thereafter, Investigator O'Bryant asked the defendant for his immigration or identification papers. The defendant responded that he was a citizen of the United States. It is that statement which is the basis of the indictment.

(8) The defendant's statement was made as a direct consequence and induced by the government agent's false and willful misrepresentation that the defendant was implicated in a criminal venture.

In the context of this case it is important to understand that the defendant is not charged with any criminal activity occurring prior to the false statement of Investigator O'Bryant.

■ The government, of course, may within constitutional limits use deception to discover criminal activities, and may afford opportunities or facilities for the commission of an offense to the unwary criminal. United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).

■ The case does not involve the commission of a non-verbal act committed as a consequence of a government agent's deception. Nor was the defendant engaged in any criminal activity until he made the statement about his citizenship. Rather, the case involves a false verbal statement made in response to a false verbal statement by a government agent. There are no elements of the offense with which the defendant is charged that were not directly induced by the officer's false statement. Unlike *Russell*, in which the Court stressed that the defendant's illegal activity was a continuing illegal enterprise, the defendant here is charged with an isolated criminal act. When a lie induces another lie, prosecution is impermissible, because "Congress could not have intended criminal punishment for a defendant who has committed all the elements of a prescribed offense, who was induced to commit them by the government." United States v. Russell, *supra*, at 435, 93 S.Ct. at 1644.

■ It is true that (1) the agent committed no crime; (2) no invasion of defendant's constitutional rights occurred; and (3) there is no statute or rule of procedure to prohibit the government from lying. The issue is whether the federal courts may permit a conviction to be obtained in the manner described here.

If Justice Brandeis' words in his dissent in Olmstead v. United States, 277 U.S. 438, 485, 48 S.Ct. 564, 575, 72 L. Ed. 944 (1918), that "Decency, security, and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen" have any vitality today, then the court must hold that when a government lie induces a lie, the latter may not be prosecutable in a federal district court. A court which determines that prosecution for such a lie will not be countenanced is not conducting "a 'chancellor's foot' veto over law enforcement practices of which it did not approve", United States v. Russell, *supra*, 411 at 435, 93 S.Ct. at 1644, but rather is exercising its constitutional prerogative mandated by Article III of our Constitution. *Cf.* Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956); McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943).

For the reasons indicated above, the motion to suppress the statement made by the defendant that he was a citizen is granted.